# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRISTAN MICHAEL HYDE,

    Plaintiff,

v.                                                                                                  No. 1:22-cv-00130-KWR-LF

STATE OF NEW MEXICO, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on various procedural motions filed by Plaintiff in connection with his Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He asks the Court to serve the Complaint; confirm his address; take action in other cases; issue subpoenas and other orders aiding discovery; grant an exemption to e-filing requirements; and appoint counsel. *See* Docs. 5, 6, 10, 13, 16. As to the address, Plaintiff filed a Notice of Change of Address on October 17, 2022. *See* Doc. 15. The Clerk's Office now lists the Bonifay, Florida facility as his address of record, and no further relief is necessary.

Plaintiff is also not subject to e-filing requirements as a *pro se* party. *See* N.M. Local Rule 5.1(a). To the extent he seeks permission to file electronically, such request is denied. Plaintiff has not demonstrated circumstances that warrant deviating from the general rule that *pro se* parties file physical documents by mail or in person. Plaintiff's request that the Court take action in cases pending in other federal judicial districts and/or consolidate this matter with those cases is also denied. There is no authority permitting the Court to take action in those cases. And, assuming consolidation is even permitted, Plaintiff has not demonstrated any cases have a common nucleus

of facts or law.  *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may … consolidate the actions").  Plaintiff must track and prosecute his separate cases, if he chooses to litigate in multiple districts.

As to Plaintiff's requests to serve the Complaint, issue subpoenas, or conduct discovery, such relief is premature.  *In forma pauperis* complaints are subject to *sua sponte* screening.  *See* 28 U.S.C. § 1915(e).  If the allegations in the complaint state a facially meritorious claim, the Court typically orders an answer.  *Id.*  If, however, the allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the complaint will be dismissed.  *Id.* Defendants are not required to file responsive pleadings in a prisoner action unless and until ordered by the Court and after screening is complete.  *See* 42 U.S.C. § 1997e(g)(1)-(2) ("Any defendant may waive the right to reply to any action brought by a prisoner" unless the Court "require[s] any defendant to reply …").  Under local rule, defendants are also not required to engage in discovery during the screening phase.  N.M. Local Rule 16.3(d) excludes prisoner complaints from pre-trial case management procedures, including initial disclosures/discovery obligations.   Because the screening function is not complete, and based on NM Local Rule 16.3, it is premature to direct service or discovery.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (when determining whether a complaint states a cognizable claim, review is generally limited to "the allegations within the four corners of the complaint.").  The Court will therefore deny Plaintiff's requests for subpoenas or discovery.

With respect to Plaintiff's remaining motion, "[c]ourts are not authorized to appoint counsel in [civil] … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.  *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  This decision is a matter of

discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step of contacting local attorneys for *pro bono* representation. Plaintiff cites his lack of legal knowledge and difficulty obtaining documents, but these circumstances exist in nearly all *pro se* prisoner cases. The Court will therefore deny Plaintiff's request for counsel along with all pending motions (Docs. 5, 6, 10, 13, and 16). When the screening process is complete, the Court will enter an Order setting out the next steps in this case.

**IT IS ORDERED** that Plaintiff's Motion for Service (**Doc. 5**); Motion to Confirm Address/Take Action in Other Cases (**Doc. 6**); Motion Requesting Subpoena Forms (**Doc. 10**); Motion for Exemption to E-Filing Requirement (**Doc. 13**); and Motion to Appoint Counsel (**Doc. 16**) are **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**